UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIE M. CARDOT,

                Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

                Defendant.

Case No. C11-5325-JLR-BAT

**REPORT AND RECOMMENDATION**

Plaintiff Julie M. Cardot seeks review of the dismissal of her application for disability benefits by the Commissioner of the Social Security Administration. The Commissioner has filed a motion to dismiss this case for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted. Dkt. 11. Ms. Cardot has filed a response in opposition. Dkt. 13. After careful consideration of the parties' pleadings and supporting materials, the governing law, and the remainder of the record, the Court recommends that the Commissioner's motion to dismiss be **GRANTED in part and DENIED in part**.

## I.    PROCEDURAL HISTORY

On August 28, 2008, Ms. Cardot filed an application for disability insurance benefits. Dkt 12, ex. 1 at 1. This application was denied on October 10, 2008, based on a finding that Ms. Cardot was not disabled at any time through September 30, 2008, the date she was last insured

REPORT AND RECOMMENDATION - 1

for disability benefits. *Id.* at 5. Ms. Cardot did not seek reconsideration of this denial.[1]

On June 18, 2009, Ms. Cardot filed a second application for disability insurance benefits. *Id.*, ex. 2. This application was denied initially and on reconsideration.[2] *Id.*, ex. 2 at 7, ex. 3 at 3. Ms. Cardot requested a hearing before an Administrative Law Judge. *Id.*, ex. 4 at 1. On October 27, 2010, the ALJ dismissed the hearing request on the basis of res judicata. *Id.*, ex. 5 at 1-6.

Ms. Cardot requested review of the ALJ's decision. *Id.*, ex. 5 at 8. On April 6, 2011, the Appeals Council denied Ms. Cardot's request for review. *Id.*, ex. 6 at 1. Ms. Cardot subsequently initiated this action.

## II. DISCUSSION

Judicial review of a claim for Social Security disability insurance benefits is limited to review of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); *see Califano v. Sanders*, 430 U.S. 99, 107-08 (1977); *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001). A claimant obtains the Commissioner's "final decision" only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 404.900(a). A claimant's failure to exhaust her administrative remedies deprives the district court of subject matter jurisdiction. *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989).

A claimant has 60 days after she receives notice of an initial determination to seek reconsideration. 20 C.F.R. § 404.909. If the claimant does not request reconsideration within

---

[1] Ms. Cardot also applied for supplemental security income at the same time she applied for disability insurance benefits. On September 16, 2008, Ms. Cardot was notified that she was not eligible for supplemental security income because of her income. Dkt. 12, ex. 1 at 8.

[2] Ms. Cardot again applied for supplemental security benefits at the same time and, on July 3, 2009, was again notified that she was not eligible because of her income. Dkt. 12, ex. 2 at 1. This decision is not at issue here.

REPORT AND RECOMMENDATION - 2

that time, the initial determination becomes binding and is the Commissioner's final decision. *See* 20 C.F.R. § 404.905; *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985). An ALJ may decide to reopen a determination that has become final and binding. 20 C.F.R. § 404.987(a); *see also* 20 C.F.R. § 404.988 (listing conditions for reopening). A decision on whether to reopen a claim is purely discretionary. *Davis v. Schweiker*, 665 F.2d 934, 935 (9th Cir. 1982). Discretionary decisions are not "final decisions" within the meaning of 42 U.S.C § 405(g). *Id.* (citing *Califano*, 430 U.S. at 107-09).

The doctrine of res judicata applies to decisions on the merits that become final as a result of the claimant's failure to seek further administrative review after notice of an adverse decision. *Taylor*, 765 F.2d at 876. An ALJ may dismiss a hearing request on the basis of res judicata where there is a previous determination on the same facts and on the same issues, and this determination has become final by either administrative or judicial action. 20 C.F.R. § 404.957(c)(1). An ALJ's dismissal of a hearing request is binding unless the ALJ or the Appeals Council vacates the dismissal. 20 C.F.R. § 404.959.

Even though a claimant's failure to obtain a final decision after a hearing deprives the district court of subject matter jurisdiction, the district court may waive a claimant's failure to exhaust administrative remedies and grant her judicial review if she asserts a colorable constitutional claim. *See Califano*, 430 U.S. at 109; *Subia*, 264 F.3d at 902. A constitutional claim is colorable if it is not wholly insubstantial, immaterial, or frivolous, and if it is not made solely for the purpose of obtaining jurisdiction. *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008); *Subia*, 265 F.3d at 902. The mere assertion of a bare constitutional violation without supporting allegations is not a colorable constitutional claim. *See id.* A claimant who cites "arguably relevant" case law in support of her claim has asserted a colorable claim. *See Rolen v.*

*Barnhart*, 273 F.3d 1189, 1191 (9th Cir. 2001).

In the order of dismissal, the ALJ found that Ms. Cardot's August 2008 application became administratively final because she did not request review of the initial determination within the allowed time period. Dkt. 12, ex. 5 at 4. The ALJ next found that res judicata applied to the current application. The ALJ considered three factors in making this finding. First, the ALJ found that both claims involved the same party: Ms. Cardot. *Id.* at 5. Second, the ALJ found that both claims involved the same facts and issues: whether Ms. Cardot was disabled due to irritable bowel syndrome, hemorrhoids, sphincter muscle problems, depression, and anxiety. *Id.*

Third, the ALJ compared the evidence considered in reaching the first decision with that submitted as part of the second application. The ALJ found that Ms. Cardot submitted some new evidence, but because it concerned the period after her date last insured it was not material. *Id.* The ALJ also found that Ms. Cardot submitted records from Dr. Zapata that she claimed were new and material, but that had in fact been evaluated as part of her previous application. *Id.* The ALJ further concluded that the evidence Ms. Cardot submitted with her second application, considered individually or collectively with the evidence previously considered, would not warrant a change in any finding. *Id.* Accordingly, the ALJ found that no new and material evidence had been submitted and that there had been no change in statute, regulation, ruling, or legal precedent concerning the facts and issues ruled on in the first application. *Id.*

The Commissioner argues that this Court lacks subject matter jurisdiction and Ms. Cardot has failed to state a claim on which relief can be granted because (1) Ms. Cardot did not obtain a final agency decision after a hearing and thus failed to exhaust her administrative remedies, (2) it was within the ALJ's discretion to dismiss Ms. Cardot's hearing request based on res judicata,

and (3) Ms. Cardot has not asserted a colorable constitutional claim that could serve as the basis for waiving res judicata.  Dkt. 11.  Ms. Cardot argues in response that she has asserted a colorable constitutional claim—that the Commissioner violated her due process rights by failing to provide her with a copy of the exhibit file from her prior and current applications—that is within the jurisdiction of this Court and thus her case should not be dismissed.  Dkt. 13.

As an initial matter, Ms. Cardot does not challenge the Commissioner's assertion that her failure to exhaust her administrative remedies and the ALJ's application of res judicata deprive the Court of jurisdiction over her claims.  The Court agrees with the Commissioner's contentions on these points and finds that the Court does not have jurisdiction to review Ms. Cardot's claims under 42 U.S.C. § 405(g).  Thus, the Commissioner's motion to dismiss should be **GRANTED** as to Ms. Cardot's claims under 42 U.S.C. § 405(g).

The sole remaining issue before the Court is whether Ms. Cardot has raised a colorable constitutional claim sufficient for this Court to waive the failure to exhaust and grant Ms. Cardot judicial review.

Ms. Cardot's counsel filed a notice of appearance on September 18, 2009, while Ms. Cardot's request for reconsideration of her second application was pending.  Dkt. 12, ex. 2 at 11. On October 6, 2009, the Social Security Administration sent counsel a letter stating that Ms. Cardot's second application had been denied initially because it concerned the same issues as her first application and no new and material evidence was provided; the letter requested counsel provide any new and material evidence or the SSA would affirm on reconsideration the denial of Ms. Cardot's second application.  Dkt. 12, ex. 2 at 12.

In response, counsel sent a letter dated October 7, 2009, stating that because he began representing Ms. Cardot the previous month and did not represent her at all in connection with

REPORT AND RECOMMENDATION - 5

her first application, he did not know what evidence was considered in connection with the prior denial. Dkt. 12, ex. 3 at 1-2. Counsel requested that he be provided with a copy of all evidence that was used in making the prior determination so he could determine what the new and material evidence might be, and that he be given 60 days after the evidence was sent in order to obtain new and material evidence. *Id.* The SSA did not respond to this letter before denying reconsideration of Ms. Cardot's second application.

After the ALJ dismissed Ms. Cardot's hearing request, counsel sent a letter to the Appeals Council along with the request for review of the ALJ's decision. In that letter, counsel requested a complete copy of the exhibit files from Ms. Cardot's first and second applications, and that he be given 45 days after receipt of the evidence in order to provide any additional evidence in support of the appeal. Dkt. 12, ex. 5 at 8-9. Counsel asserted: "This seems to be the bare minimum due process that is owed to the claimant." *Id.* at 9. The Appeals Council did not respond to this letter before denying review of the ALJ's dismissal order.

Ms. Cardot argues that because she never received a copy of her prior and current files, she had no way of determining whether any new evidence existed or assessing the materiality of any such evidence. Thus, she claims, she was deprived of a meaningful opportunity to present new and material evidence and the ALJ's application of res judicata and denial of a hearing was based on the denial of her due process rights. In support of her argument that she should have been allowed to review her files, she cites to an SSA regulation providing that a claimant seeking Appeals Council review "may request and review copies or a statement of the documents or other written evidence upon which the hearing decision or dismissal was based . . . ." 20 C.F.R. § 404.974.

Ms. Cardot asked to review her claim files at the reconsideration level and the Appeals

Council level, framing her request to the Appeals Council as a matter of due process. She is thus not asserting this claim for the first time before this Court solely for the purpose of obtaining jurisdiction. In addition, Ms. Cardot cites to a relevant regulation in support of her argument, although it is unclear whether a violation of 20 C.F.R § 404.974, if one does in fact exist, rises to the level of a constitutional violation. Ms. Cardot's due process claim is not wholly insubstantial, immaterial, or frivolous. She has gone beyond a bare assertion of a constitutional violation and provided supporting allegations for her claim. Accordingly, the Court finds that her failure to exhaust should be waived and the Court should assert jurisdiction over her due process claim.

The Court expresses no opinion on the merits of Ms. Cardot's due process claim. It may be that the claim, although colorable, is meritless. However, at this juncture, the claim has not been fully developed, and the Court cannot say that, on its face, the claim should be dismissed. Accordingly, Commissioner's motion to dismiss should be **DENIED** as to Ms. Cardot's constitutional claim.

The Court notes that in her complaint, Ms. Cardot seeks the following relief: (1) that the Commissioner be directed to file an answer to her complaint along with a certified copy of the transcript of the record of the case, including all the evidence on which the decision is based, (2) that the ALJ's "final decision" be reviewed, reversed, and set aside, (3) that the Commissioner be ordered to provide counsel with a complete copy of her Social Security file, and (4) that the Commissioner be ordered to hold a hearing on Ms. Cardot's disability claim and that Ms. Cardot be permitted to submit evidence in support of her claim. Dkt. 3 at 2-3. Given the fact that the Court recommends dismissal of Ms. Cardot's claims under 42 U.S.C. § 405(g) but not her constitutional claim, not all of this relief is available to Ms. Cardot. If Ms. Cardot prevails on her

due process claim, the relief she can obtain is the process she is due. In this case, that would be an order directing the Commissioner to provide her with the opportunity to review her claim files and to submit any evidence she contends is new and material evidence, for further consideration by the ALJ as to whether res judicata should be applied. There is no "final decision" of the Commissioner to review or reverse, and the Court cannot order the Commissioner to hold a hearing on the merits of Ms. Cardot's disability application. Accordingly, the Court recommends that the Commissioner be directed to file an answer to Ms. Cardot's remaining claim, but he need not file a certified copy of the transcript of the record of the case.

### III.  CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's motion to dismiss (Dkt. 11) be **GRANTED in part and DENIED in part**. Ms. Cardot's claims under 42 U.S.C. § 405(g) should be dismissed. The Commissioner should be directed to file an answer to Ms. Cardot's constitutional claim.

Objections, if any to this Report and Recommendation must be filed and served no later than **September 6, 2011.** If no objections are filed, the matter will be ready for the Court's consideration on that date. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Responses to objections must be filed no later than 14 days after being served with objections. Objections and responses shall not exceed twelve pages. The failure to timely object may affect your right to appeal.

DATED this 22nd day of August, 2011.

BRIAN A. TSUCHIDA
United States Magistrate Judge